IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CRAIG ALLEN HARRIS                                                            PLAINTIFF

        v.                          Civil No. 06-2142

THURMAN RAGAR, JR.,
Public Defender; SCOTT
HOUSTON, Prosecuting
Attorney; and GARY COTTRELL,
Circuit Judge                                                          DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the plaintiff pursuant to 42 U.S.C. § 1983. The plaintiff proceeds pro se and *in forma pauperis.* The plaintiff is currently incarcerated at the Arkansas Department of Correction. The case is before the undersigned for a determination of whether service of process should issue.

## **BACKGROUND**

According to the allegations of the complaint, during plaintiff's criminal trial CR 2003-466 "a lot of lies" were told. Plaintiff maintains his public defender, Thurman Ragar, did not help defend him. Plaintiff states he believed he had to take the stand but later found out that he did not have to.

Plaintiff also contends prosecuting attorney Scott Houston mislead the jury through the testimony of a witness he presented. Finally, plaintiff contends the court erred in allowing two witnesses to offer testimony about a second criminal case that was pending against the plaintiff.

With respect to the second criminal case, CR-2004-409, plaintiff states he was told on May 11, 2006, by Ragar that the case would probably be dismissed because it was over twenty months old. However, the following day, May 12th, plaintiff states Ragar told him that if he pled

guilty no additional time would be added onto his sentence and he could get an Arkansas Department of Correction bond. Plaintiff alleges when he refused to enter a guilty plea, Judge Cottrell continued the case and refused him bond. Because he did not have his medications and was in a lot of pain, plaintiff states that on May 15th he entered a plea of guilty and was released on bond. When he got home, plaintiff discovered he had been robbed.

As relief, Harris asks that both criminal cases be dismissed. He also asks that he be compensated for all he has lost and that his bond be extended until this case is concluded.

## **DISCUSSION**

This case is subject to dismissal. First, Judge Gary Cottrell is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)).

AO72A
(Rev. 8/82)

"However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Harris does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Harris seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff

AO72A
(Rev. 8/82)

an adequate remedy under state law).  *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Second, Scott Houston, a prosecuting attorney, is not subject to suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the prosecuting attorney is entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Harris' complaint seeks injunctive relief, we find the claim not cognizable.  While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Harris can make no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Third, Thurman Ragar, Jr., is not subject to suit under § 1983.  To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived

him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is that a public defender failed to adequately represent a client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Fourth, to the extent the complaint can be read to be asserting a claim for damages, it is barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Harris' convictions have not been overturned, set aside, or otherwise held to be invalid.

## CONCLUSION

I therefore recommend the case be dismissed on the grounds the claims are frivolous, fail to state claims upon which relief may be granted, are asserted against individuals immune from suit, or are not presently cognizable under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Harris has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

AO72A
(Rev. 8/82)

**may result in waiver of the right to appeal questions of fact. Harris is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)